UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert Eugene Holden, | Civil File No. 05-954 (JRT/AJB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Dean Mooney, Director of the Minnesota Sex Offender Program, | |
| Respondent. | |

Petitioner Robert Eugene Holden, pro se;

Angela Helseth Kiese, Esq., Minnesota Attorney Generals Office, for the Respondent.

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, on petition pursuant to 28 U.S.C. § 2254 for habeas corpus relief by a person in state custody. [Doc. No. 1]. Petitioner is committed to the Sex Offender Program at Moose Lake pursuant to a civil commitment ordered by the Stearns County District Court. The action has been referred to the undersigned Magistrate Judge for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c).

**Background**

In 1998, Petitioner pled guilty to Attempted First-Degree and Attempted Third-Degree Criminal Sexual Conduct for attempting to perform fellatio and anal-sex on a 12-year old boy and a

1

13-year old boy. (RA 10-11).[1]  Petitioner was sentenced to 53 months in prison for the Attempted First-Degree Criminal Sexual Conduct and to a concurrent 36 month sentence for the Attempted Third-Degree Criminal Sexual Conduct.  (RA 13).  On March 24, 2000, following completion of his prison sentence, Stearns County Human Services filed a petition to commit Petitioner as a Sexually Dangerous Person ("S.P.") and a Sexual Psychopathic Personality ("SPP") pursuant to Minn. Stat. §§ 253B.02, subbed. 18(b) and 18(c), and 253B.185 (2004).  (RA 1).

On August 7, 2000, Petitioner was ordered "initially" committed as a SDP and SPP.  (RA 48).  A review hearing was held on November 27, 2000, and on December 1, 2000, petitioner was ordered indefinitely committed as an SDP and SPP.  (RA 49-53).  Petitioner appealed his commitment to the Minnesota Court of Appeals.  (RA 54-59).  The Court of Appeals affirmed Petitioner's commitment on June 19, 2001.  (RA 59).  Petitioner sought review of the Court of Appeals' decision and on August 15, 2001, the Minnesota Supreme Court denied review.  (RA 60).  Petitioner did not seek a writ of certiorari from the United States Supreme Court.

On February 5, 2004, Petitioner filed a petition for writ of habeas corpus with the State District Court in Carlton County.  (RA 61).  Petitioner claimed, for the first time, that he was entitled to a jury trial under the state constitution based on the territorial laws and that, because no jury trial was provided, his commitment was invalid.  (RA 62).  In a responsive pleading, Petitioner asserted claims under the Seventh and Fourteenth Amendments to the federal constitution, as well as equal protection claims.  (RA 101-106).  On March 30, 2004, the petition was denied.  (RA 107-111).  Petitioner

---

[1] Respondent's Appendix. [Doc. No. 7].

appealed to the Minnesota Court of Appeals, which affirmed the district court's denial of his petition on June 22, 2004. (RA 112-48, 224-26). Petitioner sought review of the Court of Appeals' decision, and on August 17, 2004, the Minnesota Supreme Court denied review. (RA 237). Holden asserts that he petitioned for certiorari from the United States Supreme Court, but his name does not appear in the list of parties named in a joint petition filed on behalf of several individuals. (RA 240).

On May 19, 2005, Petitioner filed this petition. Petitioner alleges that: 1) he was denied jury trial rights in violation of Article 1, § 4 of the Minnesota Constitution, which incorporated jury trial rights that existed in the Minnesota Territory prior to the adoption of the Minnesota Constitution; 2) the denial of a jury trial violated his federal equal protection rights because, of all the civil litigants provided a right to a jury trial in Minnesota at the time the state constitution was adopted, only civil commitment individuals are now denied that right; and 3) he was denied federal due process rights by the Minnesota Supreme Court's flawed analysis in interpreting the state constitution to not provide a right to a jury trial in civil commitment proceedings.

Respondent argues that: 1) Petitioner's claims are barred by the one-year limitation on Habeas Petitions established by 28 U.S.C. § 2244(d); 2) this is a second or subsequent petition barred by 28 U.S.C. §2244(b)(3)(A); 3) he has not exhausted his State Court remedies, and that, therefore, his Petition is procedurally barred under 28 U.S.C. §2254, Subdivision (b)(1)(A); and 4) Petitioner's claims lack legal merit.

**Discussion**

       **Standard of Review.**

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the Federal Habeas Corpus statutes.  One of those changes was incorporated into 28 U.S.C. §2244(d), which established a new, one-year statute of limitations for Habeas Corpus Petitions, which are filed by State prisoners who seek a Federal Court's review of a State Court conviction or sentence.  The new provision reads as follows:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of --
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d).

As a consequence, a State prisoner, who seeks Federal Habeas Corpus review from his State conviction, or sentence, ordinarily must file his Petition within one year after his Judgment of conviction "became final by the conclusion of direct review." 28 U.S.C. §2244 (d)(1). The applicability of 28 U.S.C. § 2244 extends to persons held pursuant to civil commitment proceedings, as well as to persons held under criminal conviction. See Duncan v. Walker, 533 U.S. 167, 176 (2001).

The statute provides, however, that this deadline can be modified if: 1) the prisoner is unable to file his Federal Habeas Corpus Petition in a timely manner because of an impediment that was imposed by the State; 2) the prisoner is relying on some newly recognized constitutional right that is retroactively applicable; or 3) the prisoner is relying on some new evidence which could not have been reasonably discovered in time to file a timely Petition. See 28 U.S.C. §2244(d)(1)(B)-(D).

The statute of limitations also includes a tolling provision, which stops the running of the one-year limitations period while the prisoner is pursuing a "properly filed" application for Post-Conviction Relief in the State Court. See 28 U.S.C. §2244(d)(2). Our Court of Appeals has expressly held, however, that the period between the completion of the direct review of the State Court Judgment, and the application for post-judgment relief, is counted towards the one-year limitation period. See Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005); Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 853-55 (8th Cir. 2003); Painter v. Iowa, 247 F.3d 1255, 56 (8th Cir. 2001) ("A review of our cases makes clear, however, that the time between the date that direct review of a conviction is completed, and the date that an application for state post-conviction relief is filed, counts against the one-year period.").

**Legal Analysis.**

Under the circumstances here, the one-year statute of limitations began to run, pursuant to Section 2244(d)(1)(A), when the Petitioner's civil commitment Judgment became final.  Petitioner's civil commitment Judgment became final on November 14, 2001 -- which is ninety (90) days after the Minnesota Supreme Court denied the Petitioner's request for further review, during which period, the Petitioner could have sought a Writ of Certiorari from the United States Supreme Court.  See 28 U.S.C. §2244(d)(1)(A) ("The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review **or the expiration of the time for seeking such review**.") (emphasis added); Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999) (The running of the statute of limitations for purposes of Section 2244(d)(1)(A) is triggered by the completion or denial of certiorari proceedings before the United States Supreme Court or, "if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the [90 days] allowed for filing a petition for the writ.").

Under Eighth Circuit authority, no further tolling of the one-year limitation period, would occur where, as here, the Petitioner did not seek a Writ of Certiorari before the United States Supreme Court as to his initial Habeas Petition.  See Snow v. Ault, 238 F.3d 1033, 1035-36 (8th Cir. 2001), cert. denied, 532 U.S. 998 (2001).  Accordingly, under Section 2244(d)(1) and (2), the AEDPA's one-year statute of limitations began to run on November 14, 2001, and it would have expired on November 14, 2002.  Petitioner's State Habeas proceeding was dismissed by the State District Court on March 30, 2004, and was final on November 15, 2004, when the time for seeking a writ of certiorari from the Supreme Court expired.

In his Petition, Petitioner appears to contend that the relevant judgment is the State District Court's dismissal of his State Court Habeas Petition. In his responsive pleading, the Petitioner asserts that he "has not violated the one-year statute of limitations because the issues raised here were not raised in [his] federal habeas corpus petition filed in January of 2002." Petitioner's Mem. In Response, at 2; [Doc. No. 9]. Petitioner goes on to reference an assertion made by Respondent in a separate proceeding:

> See Respondent's answer at page 7. paragraph 2. wherein Respondent states:
>
>> In January 2002, McDeid filed a petition for habeas corpus relief in federal district court.

Id. In fact, page 7, paragraph 2, of Respondent's Memorandum discusses the Petitioner's filing of a state Habeas Petition - - the one filed by the Petitioner on February 4, 2004, not by "McDeid" in January of 2002. The reference is clearly an artifact from the cut and paste utilization of another Petitioner's memorandum. In any event, Petitioner's argument appears to be set forth in an attempt to rebut the bar against filing a second or subsequent habeas petition without prior permission. See 28 U.S.C. §2244(b)(3)(A). As such, it is irrelevant to the question of whether the Petition in this case was filed untimely.

Giving the Petitioner the benefit of the doubt, based on the representation in his Petition, it appears that he is contending that the filing of his State Court Habeas Petition recommenced the one-year limitations period. Even granting such leeway, the Court is unable to ascertain any authority for such a proposition, which, if true, would mean that the AEDPA's limitation period would be entirely defeated. See, e.g., Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) ("To allow [petitioner] to

return to state court and exhaust after the one-year statutory limitations period has expired would defeat the purpose of the Antiterrorism and Effective Death Penalty Act of 1996 to expedite federal habeas review . . . and would lead to inequities depending upon the length of time a district court takes to rule on a motion to dismiss."); see also Davis v. Norris, 423 F.3d 868, 878-79 (8th Cir. 2005).  Moreover, such a construction would contravene the plain language of Section 2244(d)(1) and (2).

As a consequence, unless Petitioner falls within one of the exceptions that are detailed in Section 2244(d)(1)(B), (C), or (D), his Petition should be dismissed as time-barred.  Here, Petitioner has not alluded to any State impediment to the commencement of his second State or Federal Habeas Petition, as recognized by Section 2244(d)(1)(B).  Furthermore, Petitioner has not advanced a factual predicate that was not apparent as of the date when either the direct review, or his initial State Habeas proceeding, had concluded -- namely, whether the State commitment process provided for a jury trial -- as that precise issue was addressed in the Petitioner's State Court Habeas Petition.  Therefore, Section 2244(d)(1)(D) is inapplicable.

The only potential avenue left to the Petitioner, would require a cogent showing that there is a newly recognized Constitutional right, as determined by the United States Supreme Court, which has been made retroactively applicable to future cases on collateral review.  Here, however, the Petitioner does not identify, much less rely, on any newly developed doctrine by the United States Supreme Court.  Indeed, none of the Supreme Court cases, which Petitioner has cited in his Habeas papers, involve a newly developed Supreme Court holding relating to jury trials in civil commitment proceedings.  In fact, Petitioner argues that his claim is "not based on a federal jury trial question but

rather a state claim that petitioner is entitled to a jury trial under the Minnesota Constitution." See, Petitioner's Mem. in Response at 1.[2]

In sum, since Petitioner did not file his Federal Habeas Petition within the statutory time-frame prescribed by Section 2244(d)(1) and (2), his Petition must be dismissed as untimely.[3]

**Recommendation**

Based on the foregoing, and all the files, records, and proceedings herein, it is hereby recommended that:

1. Robert Eugene Holden's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, (Doc. No. 1) be **DENIED**;

2. This matter be dismissed with prejudice.

Dated: January 4, 2007

                                          s/ Arthur J. Boylan
                                          Arthur J. Boyan
                                          United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections

---

[2] In support of Petitioner's statement, he appears to cite an opinion of an unrelated case before the Minnesota Court of Appeals. See, Petitioner's Mem. in Response at 1 (citing McDeid v. Mooney, No. A04-36 (Minn.App. April 16, 2004)).

[3] The Respondent also argues that Petitioner's application for Habeas relief should be dismissed because: 1) this is a second or subsequent petition barred by 28 U.S.C. §2244(b)(3)(A); 2) he has not exhausted his State Court remedies, and that, therefore, his Petition is procedurally barred under 28 U.S.C. §2254, Subdivision (b)(1)(A); and 3) Petitioner's claims lack legal merit. However, since the Court finds that Petitioner's request for Habeas relief is time-barred under 28 U.S.C. §2244(d)(1) and (2), the Court will not address the procedural bar.

which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before January 19, 2007.